THOMAS G. FOLEY, JR, Bar No. 065812
JUSTIN P. KARCZAG, Bar No. 223764
STEPHANIE R. HANNING, Bar No. 251728
FOLEY BEZEK BEHLE & CURTIS, LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone (805) 962-9495
Facsimile (805) 965-0722
Email: tfoley@foleybezek.com
        jkarczag@foleybezek.com
        shanning@foleybezek.com

RICHARD E. DONAHOO, Bar No. 186957
SARAH L. KOKONAS, Bar No. 262875
DONAHOO & ASSOCIATES
440 W. First Street, Ste. 101
Tustin, CA 92780
Telephone (714) 953-1010
Facsimile (714) 953-1777
Email:  rdonahoo@donahoo.com
        skokonas@donahoo.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY ABRAHAM, an individual, PAUL AGUILAR, an individual, SCOTT BARNARD, an individual, RONALD BARR, an individual, SARAH BILLINGS (FRANCOM), an individual, CHRISTOPHER BOYKINS, an individual, WILLIAM BURNEY, an individual, ROMAN CANDELARIO, an individual, JONATHAN CASTILLO, an individual, KARLA CHANCE (RAKE), an individual, ROBERT CLARK, an individual, ANDREW CLEMENTS, an individual, WILLIAM CLUNN, an individual, | Case No.: CV12 0096 EDL<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

1

USDC, ND, Case No.:

**COMPLAINT FOR DECLARATORY RELIEF**

JACQUELINE CROWLEY, an individual,
GRIFFIN DATCHER III, an individual,
AMY DAVIS, an individual,
CHRISTOPHER DORAN, an individual,
TERRANCE EASON, an individual,
TINA FLORES, an individual,
RICHARD FORD, an individual,
JOHNNY GILBERT, an individual,
RANDALL GRIFFIN, an individual,
MATTHEW GRIFFITH, an individual,
STEPHEN GRUPP, an individual,
JERREMY GUTHRIE, an individual,
VICTORIA HADIPOUR, an individual,
MONICA HARRIS, an individual,
STEVE HERNANDEZ, an individual,
STEPHEN HERRON II, an individual,
JASON HOAG, an individual,
CECILY HOLM, an individual,
JERRY HOLMES, an individual,
SEAN HOLT, an individual,
TODD HORELICA, an individual,
DENNIS HUTCHINS, an individual,
COY JACOBS, an individual,
SHAUNTE JOHNSON, an individual,
HEATHER JOHNSON-NEDDEAU, an individual,
JEREMIAH JOHNSTON, an individual,
TRAVIS JONES, an individual,
FELICIA KING, an individual, JULIE KNAPTON, an individual,
DARRICK KUNG, an individual,
DEACON LAM, an individual,
JUSTIN LARSON, an individual,
CHRISTEN LEACH, an individual,
MARK MAGILLEY, an individual,
MARIA MARRS, an individual,
RONALD MATTOX, an individual,
BRIAN MAY, an individual,
RICHARD MCGRATH, an individual,
DUSTIN MCKIERNAN, an individual,
SHELLEY MICHNA, an individual,
MARK MILLS, an individual,
RODNEY MINER, an individual,
BRANDON PELT, an individual,
PATRICIA RANGASAJO-DRAKE, an individual,
JAMES RILEY, an individual,
CEDRIC ROBERTSON, an individual,
EVE RODGERS, an individual,
NICHOLAS RUSSELL, an individual,

2

USDC, ND, Case No.:

**COMPLAINT FOR DECLARATORY RELIEF**

SHAWN SAWYER, an individual,
HARLEY SPENCER III, an individual,
JEREMY STEVENS, an individual,
WILLIAM TINNEY, an individual,
LINDA WALKER, an individual,
JENNIFER WALLACH, an individual,
TERRY WATSON, an individual,
JUSTIN WENNER, an individual,
DAVID WHITEFIELD, an individual,
QUARRELL WHITTINGTON, an
individual,
DEEDWARD WILLIAMS, an
individual,

                Plaintiffs,

      v.

24 HOUR FITNESS USA, INC., a
California corporation dba 24 HOUR
FITNESS; SPORT AND FITNESS
CLUBS OF AMERICA, INC., a
California corporation dba 24 HOUR
FITNESS,
              Defendants.

Plaintiffs MERCY ABRAHAM, PAUL AGUILAR, SCOTT BARNARD, RONALD BARR, SARAH BILLINGS (FRANCOM), CHRISTOPHER BOYKINS, WILLIAM BURNEY, ROMAN CANDELARIO, JONATHAN CASTILLO, KARLA CHANCE (RAKE), ROBERT CLARK, ANDREW CLEMENTS, WILLIAM CLUNN, JACQUELINE CROWLEY, GRIFFIN DATCHER III, AMY DAVIS, CHRISTOPHER DORAN, TERRANCE EASON, TINA FLORES, RICHARD FORD, JOHNNY GILBERT, RANDALL GRIFFIN, MATTHEW GRIFFITH, STEPHEN GRUPP, JEREMY GUTHRIE, VICTORIA HADIPOUR, MONICA HARRIS, STEVE HERNANDEZ, STEPHEN HERRON II, JASON HOAG, CECILY HOLM, JERRY HOLMES, SEAN HOLT, TODD HORELICA, DENNIS HUTCHINS, COY JACOBS, SHAUNTE JOHNSON, HEATHER JOHNSON-NEDDEAU, JEREMIAH JOHNSTON, TRAVIS JONES, FELICIA KING, JULIE KNAPTON, DARRICK KUNG, DEACON LAM, JUSTIN LARSON, CHRISTEN LEACH, MARK MAGILLEY, MARIA

**COMPLAINT FOR DECLARATORY RELIEF**

1   MARRS, RONALD MATTOX, BRIAN MAY, RICHARD MCGRATH, DUSTIN

2   MCKIERNAN, SHELLEY MICHNA, MARK MILLS, RODNEY MINER, BRANDON

3   PELT, PATRICIA RANGASAJO-DRAKE, JAMES RILEY, CEDRIC ROBERTSON,

4   EVE RODGERS, NICHOLAS RUSSELL, SHAWN SAWYER, HARLEY SPENCER

5   III, JEREMY STEVENS, WILLIAM TINNEY, LINDA WALKER, JENNIFER

6   WALLACH, TERRY WATSON, JUSTIN WENNER, DAVID WHITEFIELD,

7   QUARRELL WHITTINGTON, DEEDWARD WILLIAMS (collectively, "Plaintiffs")

8   allege against Defendants 24 HOUR FITNESS USA, INC., a California corporation dba

9   24 HOUR FITNESS and SPORT AND FITNESS CLUBS OF AMERICA, INC., a

10  California corporation dba 24 HOUR FITNESS (collectively, "24 Hour" or

11  "Defendants"), as follows:

12          **JURISDICTION AND VENUE**

13          1.      This Court has subject matter jurisdiction over this Complaint pursuant to

14  the Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1331, as an actual

15  controversy exists due to Defendants' neglect, refusal, and/or failure to arbitrate, as

16  defined in 9 U.S.C. § 4, claims arising under the Fair Labor Standards Act of 1938, 29

17  U.S.C. §§ 201 et seq. ("FLSA").

18          2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

19  §§ 1391 (b)(1), (c) because Defendants have their principal place of business in San

20  Ramon, California, and Plaintiffs were formerly a party to an FLSA civil action against

21  Defendants in this District with the same underlying dispute. This Complaint is a

22  successor to an FLSA collective action filed in this Court on February 1, 2006,

23  *Beauperthuy v. 24 Hour Fitness*, CD Cal 06-0715 ("*Beauperthuy*"), that was decertified

24  on February 24, 2011 (Doc[1] 428). Additionally, venue is proper pursuant to 28 U.S.C. §§

25

26  [1] All references to "Doc" refer to the document numbers of the Orders filed in *Beauperthuy*;
    upon filing of this Complaint, Plaintiffs will file a motion to relate this Complaint to that case.

27

                                    4                    USDC, ND, Case No.:
                        **COMPLAINT FOR DECLARATORY RELIEF**

1  1391 (b)(2) since a substantial part of the events giving rise to Plaintiffs' FLSA claims
2  occurred in this district.

### INTRADISTRICT ASSIGNMENT

3       3.      Assignment to the San Francisco Division is proper because this case is
5  related to *Beauperthuy*. In addition, Assignment to Oakland Division is proper because
6  Defendants' principal place of business is in San Ramon, California, located in Contra
7  Costa County.

### PARTIES

9       4.      Defendants 24 HOUR FITNESS USA, INC., dba 24 HOUR FITNESS and
10 SPORT AND FITNESS CLUBS OF AMERICA, INC., dba 24 HOUR FITNESS are
11 California Corporations with headquarters in San Ramon, California. Respondents did
12 not contest venue or jurisdiction in the Northern District of California in *Beauperthuy*.
13 At all relevant times, Defendants were, and continue to be, an "employer" engaged in
14 interstate commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant
15 times, Defendants employed "employees", including Plaintiff, in the United States.

16      5.      Each Plaintiff's place of residence is identified in Exhibit A. Plaintiffs
17 were employees of Defendants, previously or currently holding the position of a 24 Hour
18 Manager and/or PT outside the State of California at some point since December 31,
19 1998 (Managers) and/or October 29, 1999 (PT). Each Plaintiff regularly worked over 40
20 hours/week in at least one such position, and was not compensated for all time worked.

21      6.      Plaintiffs' claims were equitably tolled by the Court in *Beauperthuy*, such
22 that Managers' claims exist as of December 31, 1998 (Doc 124), and PTs' claims exist as
23 of October 29, 1999 (Doc 190). They were further tolled for 30 days after the Court's
24 February 24, 2011 decertification order (Doc 428) to allow Plaintiffs to demand
25 arbitration from Defendants, and Plaintiffs did validly demand arbitration within that
26 time, sending Demands and Claims to Defendants and submitting them to JAMS, which

27

1  Plaintiffs did between March 21 and 25, 2011. A true and correct copy of the form of
2  demand provided by each Plaintiff is attached as Exhibit B. Each Plaintiff was listed as a
3  Claimant in Exhibit 1 in the demand submitted on their behalf.

4  ## GENERAL ALLEGATIONS

5  7.    As employees of Defendants, Plaintiffs were subject to an employee
6  handbook, which contained an arbitration provision for claims related to Plaintiffs'
7  employment. A true and correct copy of the arbitration provision as it appeared in the
8  2001 version is attached hereto as Exhibit C.

9  8.    Plaintiffs here previously brought claims against Defendants as opt-in
10  plaintiffs in the *Beauperthuy* class action, alleging wage and hour violations of the FLSA.
11  In sum, Plaintiffs alleged that Defendants unlawfully classified Managers as exempt from
12  overtime payments under federal and state laws and/or failed to pay them for overtime
13  worked, notwithstanding that Managers were nonexempt, entitled to (1) overtime pay for
14  overtime worked and for (2) straight time pay for straight time when overtime was also
15  worked. Defendants unlawfully failed to pay PTs (1) overtime pay for overtime hours
16  worked and (2) straight time pay in weeks in which overtime was also worked. This is
17  because the FLSA requires each covered employer to compensate each of its nonexempt
18  employees at a rate of not less than one and one half the regular rate of pay for work
19  performed in excess of forty (40) hours in a week, including their regular rate for all
20  hours under 40 in those weeks in which 40 hours is worked. In addition, Defendants
21  failed to record/maintain time records of hours worked as required by law.

22  9.    After *Beauperthuy* was decertified and Plaintiffs submitted their arbitration
23  demands to Defendants, Defendants refused to comply with them, contending that the
24  operative arbitration provision barred Plaintiffs from arbitrating in this District.

25  10.    Certain of the named plaintiffs in *Beauperthuy* who submitted identical
26  demands in an identical manner subsequently filed a motion to compel arbitration in this

27

6                                    USDC, ND, Case No.:
**COMPLAINT FOR DECLARATORY RELIEF**

1    Court.  Defendants opposed the motion on the grounds, *inter alia*, that they had not
2    "refused" to arbitrate, that submission demands did not constitute compliance with the
3    Court's decertification order, or the applicable arbitration agreements.  On December 2,
4    2011, the Court granted the motion to compel in this District and rejecting each of
5    Defendants' arguments. Doc 457.  But, Defendants continue to maintain that they do not
6    have to comply with Plaintiffs' arbitration demands.

7         11.    Each Plaintiff was subject to the 2001 version of the agreement.
8    Defendants seek to impose an amended version of the agreement, referred to as the 2005
9    or 2007 version, on Plaintiffs, and contends that such an agreement (a) is enforceable
10   against them and (b) prohibits Arbitration in this District.  Plaintiffs contend that the 2005
11   and 2007 versions are not enforceable under the doctrine of unconscionability, and, in the
12   alternative, that if they were enforceable, do not prohibit arbitration in this District.  The
13   Southern District of Texas has already determined that the 2005 version is unenforceable
14   because it allowed Defendants to unilaterally amend it.  *See Carey v. 24 Hour Fitness,*
15   2010 U.S. Dist. LEXIS 126909 (S.D. Tex. Dec 1, 2010).  Consequently, for all Plaintiffs
16   who last worked in Texas, Defendants cannot force them to arbitrate under the 2005
17   version there.

18        12.    An actual controversy has thus erupted over whether Plaintiffs' demands
19   for arbitration in the Northern District are valid, whether Defendants must comply with
20   those demands and arbitrate in the Northern District pursuant thereto, and whether
21   Defendants can be ordered to proceed to arbitration of Plaintiffs' FLSA claims in the
22   Northern District of California.

23                              **CLAIM FOR RELIEF**

24              **DECLARATORY RELIEF AGAINST ALL DEFENDANTS**

25        13.    Plaintiffs hereby incorporate all prior allegations, as though set forth in full.

26        14.    Plaintiffs are informed and believe, and thereon allege, that an actual

27

1   controversy has arisen and exists between Plaintiffs and Defendants with regard to

2   whether the arbitration provision that Defendants contend is applicable bars Plaintiffs

3   from arbitrating against Defendants in this District, and if it does, whether such a

4   provision is enforceable.  Plaintiffs contend that they have the right and power to arbitrate

5   their FLSA claims in the Northern District of California under the applicable enforceable

6   arbitration provision, and Defendants contend that the arbitration of such claims must

7   occur outside of the Northern District of California.

8         15.    Plaintiffs desire a judicial determination of their right to arbitrate their

9   claims in the Northern District and a declaration as to the effects of the above-stated facts

10   regarding Defendants' refusal to arbitrate. To that end, Plaintiffs desire a judicial

11   declaration that (1) Plaintiffs demands and claims for arbitration filed with JAMS in the

12   Northern District of California on or about March 21-25, 2011 are valid, (2) that the

13   applicable arbitration agreement either (a) does not require them to arbitrate elsewhere or

14   (b) if it were to do so, it is unenforceable, and (3) Plaintiffs are entitled to arbitrate their

15   claims in the Northern District of California pursuant to their demands, and that

16   Defendants are compelled to do so immediately.

17         16.    A judicial declaration is necessary and appropriate at this time for the

18   reasons set forth above.  Without a judicial declaration, Plaintiffs have no way to restrain

19   and enjoin Defendants from continuing to assert Plaintiffs' inability to arbitrate their

20   claims in the Northern District of California and refusing to so arbitrate.

21         17.    Plaintiffs have no other adequate remedy other than that prayed for above.

22                  **PRAYER**

23   WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

24         1.    That the Court declares that Plaintiffs' demands and claims for arbitration

25   filed with JAMS in the Northern District of California on or about March 21-25, 2011 are

26   valid;

27

**COMPLAINT FOR DECLARATORY RELIEF**

2.    That the applicable arbitration agreement either (a) does not require them to arbitrate elsewhere or (b) if it were to do so, it is unenforceable;

3.    That Plaintiffs are entitled to arbitrate their claims in the Northern District of California pursuant to their demands, and that Defendants are compelled to do so immediately;

4.    That Plaintiffs be awarded costs, expenses and attorney fees incurred herein;

5.    And for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: January 5, 2012

**DONAHOO & ASSOCIATES**

**FOLEY BEZEK BEHLE & CURTIS, LLP**

By: _____
    Justin P. Karczag
    Thomas G. Foley, Jr.
    Richard E. Donahoo
    Attorneys for Plaintiffs

USDC, ND, Case No.:

**COMPLAINT FOR DECLARATORY RELIEF**

# EXHIBIT A

# EXHIBIT A

| | **Plaintiff's Name** | **Plaintiff's Location** |
|---|---|---|
| 1 | Mercy Abraham | Austin, TX |
| 2 | Paul Aguilar | Richardson, TX |
| 3 | Scott Barnard | Cedar Park, TX |
| 4 | Ronald Barr | Dallas, TX |
| 5 | Sarah Billings (Francom) | Temple, TX |
| 6 | Christopher Boykins | Houston, TX |
| 7 | William Burney | Arlington, TX |
| 8 | Roman Candelario | Spring, TX |
| 9 | Jonathan Castillo | Tomball, TX |
| 10 | Karla Chance (Rake) | Southlake, TX |
| 11 | Robert Clark | Arlington, TX |
| 12 | Andrew Clements | Pflugerville, TX |
| 13 | William Clunn | Spring, TX |
| 14 | Jacqueline Crowley | Spring, TX |
| 15 | Griffin Datcher III | Spring, TX |
| 16 | Amy Davis | Punta Gorda, FL |
| 17 | Christopher Doran | Tomball, TX |
| 18 | Terrance Eason | Mckinney, TX |
| 19 | Tina Flores | Rowlett, TX |
| 20 | Richard Ford | Arlington, TX |
| 21 | Johnny Gilbert | Richmond, TX |
| 22 | Randall Griffin | Pasadena, TX |
| 23 | Matthew Griffith | League City, TX |
| 24 | Stephen Grupp | Round Rock, TX |
| 25 | Jeremmy Guthrie | Seabrook, TX |
| 26 | Victoria Hadipour | Houston, TX |
| 27 | Monica Harris | Mesquite, TX |
| 28 | Steve Hernandez | Houston, TX |
| 29 | Stephen Herron II | Houston, TX |
| 30 | Jason Hoag | Allen, TX |
| 31 | Cecily Holm | Kingwood, TX |
| 32 | Jerry Holmes | Irving, TX |
| 33 | Sean Holt | Dallas, TX |
| 34 | Todd Horelica | Stafford, TX |
| 35 | Dennis Hutchins | The Woodlands, TX |
| 36 | Coy Jacobs | Grand Prairie, TX |
| 37 | Shaunte Johnson | Van Nuys, CA |
| 38 | Heather Johnson-Neddeau | League City, TX |

Exhibit A, page 1

| 39 | Jeremiah Johnston | Houston, TX |
| 40 | Travis Jones | Austin, TX |
| 41 | Felicia King | North Little Rock, AR |
| 42 | Julie Knapton | Elkridge, MD |
| 43 | Darrick Kung | Seattle, WA |
| 44 | Deacon Lam | Baltimore, MD |
| 45 | Justin Larson | Des Moines, IA |
| 46 | Christen Leach | Richmond, TX |
| 47 | Mark Magilley | Burleson, TX |
| 48 | Maria Marrs | Round Rock, TX |
| 49 | Ronald Mattox | Houston, TX |
| 50 | Brian May | Tomball, TX |
| 51 | Richard McGrath | Tomball, TX |
| 52 | Dustin McKiernan | Baytown, TX |
| 53 | Shelley Michna | Tomball, TX |
| 54 | Mark Mills | Denison, TX |
| 55 | Rodney Miner | North Richland Hills, TX |
| 56 | Brandon Pelt | Leander, TX |
| 57 | Patricia Rangasajo-Drake | Spring, TX |
| 58 | James Riley | Houston, TX |
| 59 | Cedric Robertson | Rowlett, TX |
| 60 | Eve Rodgers | Fort Worth, TX |
| 61 | Nicholas Russell | Dallas, TX |
| 62 | Shawn Sawyer | Houston, TX |
| 63 | Harley Spencer III | Cypress, TX |
| 64 | Jeremy Stevens | Bun Barrel City, TX |
| 65 | William Tinney | Skiatook, OK |
| 66 | Linda Walker | Laguna Niguel, CA |
| 67 | Jennifer Wallach | Fort Worth, TX |
| 68 | Terry Watson | Frisco, TX |
| 69 | Justin Wenner | Dallas, TX |
| 70 | David Whitefield | Mesquite, TX |
| 71 | Quarrell Whittington | Rowlett, TX |
| 72 | Deedward Williams | Missouri City, TX |

Exhibit A, page 2

# EXHIBIT B

# EXHIBIT B

1  THOMAS G. FOLEY, JR, Bar No. 065812
2  JUSTIN P. KARCZAG, Bar No. 223764
   STEPHANIE R. HANNING, Bar No. 251728
3  FOLEY BEZEK BEHLE & CURTIS, LLP
   15 West Carrillo Street
4  Santa Barbara, California 93101
   Telephone (805) 962-9495
5  Facsimile (805) 965-0722
6  Email: tfoley@foleybezek.com
           jkarczag@foleybezek.com
7          shanning@foleybezek.com

8  RICHARD E. DONAHOO, Bar No. 186957
9  SARAH L. KOKONAS, Bar No. 262875
   JOSEPH K. JOHNSON, Bar No. 263499
10 DONAHOO & ASSOCIATES
11 440 W. First Street, Ste. 101
   Tustin, CA 92780
12 Telephone (714) 953-1010
   Facsimile (714) 953-1777
13 Email:  rdonahoo@donahoo.com
            skokonas@donahoo.com
14          jjohnson@donahoo.com

15                 **PRIVATE ARBITRATION**

16               **JAMS NORTHERN CALIFORNIA**

17

18 | Victoria R. Alley et al (Continued on Exhibit 1),

19                                      JAMS No.:_____

              Claimants,               *[Beauperthuy et al v. 24 Hour Fitness et al*
20                                      *ND Cal Case No.  C 06 0715 SC (Conti)]*

        v.
21                                      **DEMAND AND CLAIM FOR**
22 24 HOUR FITNESS USA, INC., a         **INDIVIDUAL ARBITRATION NO 1,**
   California corporation dba 24 HOUR
   FITNESS; SPORT AND FITNESS
23 CLUBS OF AMERICA, INC., a            **ON BEHALF OF EACH CLAIMANT**
   California corporation dba 24 HOUR   **LISTED IN EXHIBIT 1, ATTACHED**
24 FITNESS,                             **HERETO.**

25          Respondents.

26

27
                                        USDC, ND, Case No.: C 06 0715 SC
   DEMAND AND CLAIM FOR ARBITRATION NO 1

Claimants **Victoria R. Alley and all those listed on Exhibit 1 (collectively, "Claimants"), hereby Demand and Allege that Respondents 24 Hour Fitness USA, Inc. and Sport and Fitness Clubs of America, Inc., both dba 24 Hour Fitness (collectively, referred to in the singular as "24 Hour"), Arbitrate the Following Dispute:**

1.    This Demand and Claim is brought pursuant to the Federal Arbitration Act, 24 Hour Fitness's admission of a binding arbitration agreement between Claimants and 24 Hour, and the ruling of Federal District Court Judge Samuel Conti decertifying the collective action on the basis, *inter alia*, that 24 Hour represented that it would arbitrate the dispute that was pending in his Court styled *Beauperthuy et al v. 24 Hour Fitness*, USDC ND Cal No. C 06 0715 (SC), filed February 1, 2006 ("*Beauperthuy*"), successor case to two cases, the first filed in the Southern District of California styled *Boyce et al v. Sports and Fitness Clubs of America, et al.*, 03-CV02140 BEN, filed October 29, 2003 (a consolidation of one federal and six state court actions filed between December 31, 2002 and September 8, 2004) ("*Boyce*"), and the second, filed in AAA Arbitration on July 2, 2004, styled *Allen et al v. 24 Hour Fitness* (enforced via the California State Court proceeding styled *24 Hour Fitness v. Allen et al*, LASC No. BS093362) ("*Allen*") (*Beauperthuy, Boyce* and *Allen*, collectively referred to as "predecessor actions"). Claimants refer to by reference and incorporate herein all pleadings, briefs, declarations, supporting documents and exhibits, stipulations, all Court rulings—all matters on file in this and the predecessor actions which can be provided to the Arbitrator upon request.

## NATURE OF THE CASE

2.    This is a case brought by the individuals listed in Exhibit 1 for violations of the Fair Labor Standards Act based on qualifying positions that they held at 24 Hour Fitness as a Personal Trainer ("PT") or club-level Manager ("Manager"). For PTs, 24

1   Hour required them to work off-the-clock performing training session and non-training

2   session related work (in addition, 24 Hour also miscalculated and failed to pay overtime

3   properly for recorded hours worked) ("off-the-clock").   For Managers, 24 Hour

4   misclassified them as exempt employees, and failed to pay them time and one half for all

5   hours worked over 40 ("misclassification").  The individuals listed in Exhibit 1, are but a

6   part of the over 700 individuals proceeding with arbitrations against 24 Hour Fitness filed

7   as a consequence of the Court order dated February 24, 2011 decertifying the collective

8   action in *Beauperthuy*.

9

10              **PROCEDURAL HISTORY – From *Allen* to *Beauperthuy***

11          3.     As alleged more fully below, the employees' actions against 24 Hour

12   Fitness commenced with a putative collective action, *Boyce*, filed in the Southern District

13   of California Court in 2003 as a consolidation of national and state collective and class

14   action wage and hour claims, including FLSA violations.  On July 2, 2004, counsel for

15   Plaintiffs herein filed a demand in arbitration on behalf of a putative national collective

16   action, *Allen*, for FLSA violations (off-the-clock and misclassification).  At that time, 24

17   Hour refused to arbitrate the putative national collective claims on the grounds that

18   litigation of those claims was proceeding in *Boyce*.  Specifically, 24 Hour sought to stay

19   the *Allen* arbitration on the grounds that resolution of *Boyce* "would provide a remedy to

20   the very classes [the Allen claimants] now purported to represent."  On that basis, *Allen*

21   was allows to proceed to arbitration as to the individual claimants only.  *Allen* was

22   ultimately arbitrated with the named claimants receiving a favorable confidential

23   settlement.

24          4.     On October 31, 2005, counsel for plaintiffs and the putative classes and

25   collective classes in *Boyce* filed a proposed Joint Stipulation of Settlement and Release

26   Between Plaintiffs and Defendant (*Boyce* Settlement), under the terms of which, all wage

27

1    claims, including claims for FLSA violations would be settled for all California residents

2    only.  Counsel herein objected to the settlement on the basis, *inter alia*, that it left all non-

3    California residents' claims unresolved.

4         5.    On January 24, 2006, the Boyce Court approved the Boyce Settlement, for

5    a total settlement amount of approximately $37,000,000, of which over $30,000,000 was

6    to settle the claims of California Managers and PTs.

7         6.    On February 1, 2006, counsel herein filed Beauperthuy in the Northern

8    District of California, as an FLSA putative collective action on behalf of the non-

9    California Managers and Trainers who had been left out of the Boyce Settlement.  The

10    matter was assigned to the Honorable Samuel Conti.

11         7.    When Plaintiffs' counsel herein filed Beauperthuy, 24 Hour filed a motion

12    to dismiss on the grounds that Plaintiffs' claims were subject to agreements to arbitrate.

13    This contention was interesting because earlier in *Allen*, when Plaintiffs' had moved to

14    compel arbitration of the collective action, 24 Hour had refused.  The Court noted that:

15    "Defendants, however, explicitly declined to request the Court to compel arbitration,

16    arguing that if the Court did so, it would be "highly inconvenient for the parties."  See

17    Order Granting In Part and Denying In Part Plaintiffs' Motion for Facilitated Notice

18    Pursuant to 29 U.S.C. § 216(b) dated 03/06/07, Doc 124 at 8:21-27 ("Manager

19    Certification Order"), a true and correct copy of which is attached hereto as Exhibit 2.

20    The Court itself characterized it as "'puzzling' in light of the law, that 24 Hour would

21    choose to make a motion to dismiss, which was clearly barred by Plaintiffs' colorable

22    arguments against the enforceability of the Arbitration Agreement, instead of compelling

23    arbitration." Manager Certification Order 9:4-13.  Nevertheless, the Court gave 24 Hour

24    the opportunity to move to compel arbitration, but 24 Hour did not do so.  The Court set a

25    specific deadline by which 24 Hour had to file its motion to compel.  24 Hour did not file

26

27

1  by the deadline. As a consequence, on November 28, 2006, the Court found that 24 Hour
2  had waived its right to compel arbitration.

3      8.    On March 6, 2007, Judge Conti granted conditional certification for the
4  Managers. On March 24, 2008, Judge Conti granted conditional certification for PTs.

5      9.    The parties then proceeded to engage in extensive discovery, culminating in
6  document exchange of over 300,000 pages, payroll data exchange of over 2,000,000
7  payroll entries, nearly a dozen depositions of 24 Hour officers and Designees, over 40
8  depositions of the Plaintiffs (named and opt-in) in eight cities in seven states, designation
9  of damages and liability experts by both sides, expert reports and depositions,
10  culminating in a detailed individualized damages analysis for each class member.
11  Plaintiffs also filed motions for summary judgment on questions pertaining to liability,
12  which the Court deferred ruling upon.

13      10.    Ultimately, the Court made the procedural ruling that the case would not
14  proceed collectively, but would instead be decertified, and that efficiency and the
15  interests of justice would be served because the individual employees could arbitrate their
16  claims against 24 Hour and thus not be subject to the time and expense of individual
17  federal court litigations. In earlier filings, 24 Hour represented that there were individual
18  arbitration agreements between all employees and 24 Hour, including terms whereby 24
19  Hour would pay for the costs of the Arbitration. In its decertification filings, 24 Hour
20  alleged that efficiency and the interests of justice would be served by decertification
21  because the class members could individually arbitrate their claims against 24 Hour. As
22  part of its ruling, the Court provided 30 days of additional equitable tolling to allow
23  counsel for Plaintiffs to prepare arbitration demands on behalf of the opt-in claimants and
24  60 days to determine whether to proceed in arbitration for the named plaintiffs or to
25  proceed to trial in the District Court. The instant demand seeks to bring the arbitrations
26  per the Court's order.

27

1

2  **Equitable Tolling and the FLSA Claims Period—See Exhibit 2.**

3    11.    One of the key rulings by Judge Conti in *Beauperthuy* came about as part of

4  the motion for conditional certification (of the Managers class).  Absent any decision by

5  the Court to toll applicable statute of limitations periods, FLSA claims have either a two

6  or three year claims period (sometimes casually referred to as "statute of limitations")

7  (two years is if the violation was inadvertent and three years if the violation is found to be

8  "willful" as defined by the FLSA).  The statute, in other words, the FLSA contains a

9  look-back provision that limits to three years from opt-in how far back a plaintiff can

10  look to find violations by their employer.  In Judge Conti's ruling conditionally certifying

11  the Managers class, he applied and analyzed the effect of equitable tolling on the

12  *Beauperthuy* putative class members' claims, citing Ninth Circuit precedent.  Manager

13  Certification Order p. 16-19.

14    12.    After reciting the law, and recognizing its own characterization of 24 Hour

15  Fitness's "confusing, contradictory, and time-consuming strategic maneuvering", the

16  Court specifically recited the circumstances resulting in the application for equitable

17  tolling, finding that "'it would be unfair or unjust to allow' persons employed by 24 Hour

18  Fitness in California to collect damages for violations which occurred anytime between

19  December[1] 31, 1998 and October 31, 2005, while limiting other persons who happened to

20  have been employed in states other than California to collect only for violations that

21  occurred during a period that would begin, for most, more than five years later."  The

22  Court went on to state:

23

24

25

----

26  [1] The Court's order originally contained a typographical error identifying the month as January.
That typographical error was subsequently corrected on April 3, 2007 in its Order re Defendants'

27  Motion for Reconsideration.  Doc 135.

**DEMAND AND CLAIM FOR ARBITRATION NO. 1**

1   "This discrepancy would not be the result of any action by these Plaintiffs.
2   Rather, it would be the result of the vagaries of the process by which the
3   Boyce action was settled, the competition which occurred between
4   Plaintiffs' attorneys and the Boyce Attorneys during settlement mediation,
5   and other factors outside of these Plaintiffs' control. Indeed, several
6   Plaintiffs who have already opted into the instant action attempted to
7   participate in the settlement discussion during their tenure as Allen
8   claimants. See Background Supra. It would be unfair and unjust to exclude
9   these Plaintiffs and others similarly situated from the same opportunity to
10  recover for violations as those whose interests were better served by other
11  attorneys."

12      13.    24 Hour, filed a motion for reconsideration, arguing both a typographical
13  error as well as a substantive legal error in the Court's application of equitable tolling.
14  The Court corrected the typographical error but affirmed its decision on equitable tolling.

15      14.    Because the Court's Certification Order addressed Managers only,
16  Plaintiffs subsequently filed a motion for conditional certification of the PT Class and
17  sought to have the claims period equitably tolled for the same amount of time
18  corresponding to the hourly employees' claims period in *Boyce* (though Managers claims
19  in *Boyce* went back to December 31, 1998, PT claims in *Boyce* only went back to
20  October 29, 1999.)  In opposition, 24 Hour again argued that equitable tolling should not
21  apply.  The Court again (now the third time) rejected 24 Hour's argument, and applied
22  equitable tolling to the PT claimants here.  Attached as Exhibit 3 is the Court's Order
23  Granting in Part and Denying in Part Plaintiffs' Motion for Facilitated Notice [Trainers]
24  Pursuant to 29 U.S.C. § 216(b) Doc 190 ("Trainer Certification Order").

25      15.    On or about April 30, 2008, 24 Hour filed a Petition for Writ to the Ninth
26  Circuit Court of Appeals on the equitable tolling issue.  24 Hour claimed Judge Conti

27

6

USDC, ND, Case No.: C 06 0715 SC

**DEMAND AND CLAIM FOR ARBITRATION NO. 1**

1  abused his discretion in tolling the claims period.  On July 16, 2008, the Ninth Circuit

2  summarily denied the petition.

3      16.  Consequently, the claims now filed individually have a claims period

4  extending to work performed as far back as December 31, 1998 for Managers and

5  October 29, 1999 for Personal Trainers.

## THE PARTIES

7      17.  **Respondents** 24 Hour are California Corporations that were acquired by

8  the private equity fund Forstmann Little & Co. in 2005 in a leveraged buyout for

9  $1,600,000,000. 24 Hour is the world's largest (by memberships—it has about 3,000,000

10  members) privately owned and operated fitness center chain, and third in the number of

11  clubs behind Gold's Gym and Fitness First of the UK.  It currently has 425 clubs and

12  over 20,000 employees in the U.S.A.  It has its corporate office in San Ramon California

13  and it never contested that venue or jurisdiction in the Northern District of California

14  (San Francisco) was improper in Beauperthuy.  From at least December 13, 1998 to April

15  1, 2006, 24 Hour classified its club-level managers (Fitness Managers, Operations

16  Managers and Sales/General Managers) as exempt employees under the FLSA and did

17  not pay them overtime.  From at least October 19, 1999 to the present, 24 Hour Fitness

18  has classified its PTs as nonexempt employees and paid them on an hourly basis.

19      18.  Claimants are listed on Exhibit 1.  Claimants held the position of Manager

20  and/or PT outside the State of California at some point from December 31, 1998 to April

21  1, 2006 (Managers) and/or October 29, 1999 to the present (Trainers).  If a Claimant is a

22  Manager, then they held a club-level position during the qualifying period of Fitness

23  Manager ("FM"), Operations Managers (sometimes referred to as "Service Manager")

24  ("OM"), or Sales Manager (sometimes referred to as General Manager) ("SM").  If a

25  Claimant is a PT, then they held a club-level position during the qualifying period as a

**DEMAND AND CLAIM FOR ARBITRATION NO. 1**

1    Personal Trainer, including PT Trainer, Certified Personal Trainer ("CPT"), CPT I, CPT

2    II, CPT III, CPT Elite, Trainer Fit 15 Pro ("TFP"), TFP I, TFP II, TFP III, TFP Elite,

3    FLS, Apex Tech, Fitness Instructor, and Floor Instructor.   Each claimant regularly

4    worked in excess of 40 hours per week and was not compensated for (all of) their

5    overtime. Claimants with PT positions were also not compensated for all of their straight

6    time during weeks in which they worked over 40 hours.

7         19.     Exhibit 1 is a table that lists in roughly alphabetical order by last name,

8    each individual Claimant, the approximate period of time in which they were employed

9    by 24 Hour, an approximation of the qualifying positions that they held, and their

10   estimated individualized damages (excluding attorneys' fees and costs).   The chart is

11   provided for the sake of convenience, and no Claimant is waiving his or her right to agree

12   to the arbitrator who will resolve his or her individual claim.   A single Claimant may

13   agree to the same Arbitrator as another Claimant, but that choice is not binding on any

14   other Claimant.   To the extent that each Claimant has supervisors or co-workers, the

15   identity and contact information of those are available to 24 Hour Fitness via its own

16   computer systems.

17

18                                    **THE CLAIMS**

19        20.     Each Claimant with a manager position alleges that 24 Hour unlawfully

20   classified them as exempt from overtime payments under federal and state laws and/or

21   failed and refused to pay overtime to them for all overtime worked, notwithstanding that

22   Claimants were nonexempt and are and have been entitled to (1) overtime pay for

23   overtime worked and for (2) straight time pay for straight time worked during weeks in

24   which overtime was also worked. Each claimant with a PT position alleges that 24 Hour

25   unlawfully failed to pay them (1) overtime pay for overtime hours worked and (2)

26   straight time pay for straight time worked in weeks in which overtime was also worked.

27

**DEMAND AND CLAIM FOR ARBITRATION NO. 1**

1    In addition, each Claimant alleges that 24 Hour failed to record and maintain time records
2    of hours worked as required by law.

3        21.    24 Hour's practices violated and continue to violate the FLSA, 29 U.S.C.
4    §§ 201 et seq.    Each Claimant's demand is for overtime and applicable straight time
5    compensation, liquidated damages and/or interest and attorneys' fees and costs.

6        22.    24 Hour's acts were in accordance with, and represent the official policies
7    of 24 Hour, or those whose edicts or acts may fairly be said to represent official policies.

8        23.    24 Hour willfully committed, ordered, directed, supervised, allowed,
9    planned, ratified, concealed, organized, or otherwise participated in the unlawful acts
10   complained of herein.

11       24.    At all relevant times, 24 Hour was been, and continues to be, an
12   "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C.
13   §203.    At all relevant times, 24 Hour has employed, and continues to employ
14   "employees", including the Claimants.

15       25.    24 Hour operates, and at all times since December 31, 1998, has operated
16   health clubs in numerous states.

17       26.    Each Claimant identified in Exhibit 1 consents to sue in this Demand and
18   Claim.

19       27.    The FLSA requires each covered employer, such as 24 Hour, to
20   compensate each of its nonexempt employees at a rate of not less than one and one half
21   the regular rate of pay for work performed in excess of forty (40) hours in a week,
22   including their regular rate for all hours under 40 in those weeks in which 40 hours is
23   worked.

24       28.    24 Hour has and may continue to employ Claimants in the positions
25   identified in Exhibit 1.

26
27

**DEMAND AND CLAIM FOR ARBITRATION NO. 1**

29.    Claimants are not exempt from the right to receiving (1) minimum wage and (2) overtime and straight time in which hours worked exceed forty in a week. Claimants are entitled to receive such pay but have not received it, whether through the failure to provide such pay, the denial of such pay for hours actually worked, and/or the failure to calculate and pay overtime according to law.

30.    As a result of its failure to pay Claimants, 24 Hour has violated and continues to violate the FLSA.

31.    In addition, 24 Hour has failed to keep accurate records as required by the FLSA.

32.    24 Hour's acts were willful within the meaning of the FLSA.

33.    Claimants seek damages in the amount of their unpaid overtime and qualifying straight time, plus liquidated damages as provided by the FLSA, including but not limited to double damages and/or interest, plus attorneys' fees and costs incurred to date and through the conclusion of this action, and such other legal and equitable relief as the Arbitrator deems just and proper.

34.    Claimants also seek:

    (a)    a declaratory judgment that the practices complained of herein as unlawful under the FLSA;

    (b)    an injunction against 24 Hour and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein;

    (c)    Pre-Award and Post-Award and Pre-Judgment and Post-Judgment interest

1

Dated: March 21, 2011

**DONAHOO & ASSOCIATES**

2

**FOLEY BEZEK BEHLE & CURTIS, LLP**

3

By: ___/s/ Justin P. Karczag

Justin P. Karczag

4

Thomas G. Foley, Jr.

Richard E. Donahoo

5

Attorneys for Claimants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT C

# EXHIBIT C

## ARBITRATION OF DISPUTES

As an expeditious and economical way to settle employment disputes without the need to go through the courts, 24 Hour Fitness agrees and requires its employees to submit such disputes to final and binding arbitration.

### NATURE OF DISPUTE

If any dispute arises from or relates to your employment with 24 Hour Fitness or the termination of your employment, you and 24 Hour Fitness agree that you both will submit it exclusively to final arbitration. Except for workers' compensation and unemployment insurance claims, the dispute includes every kind or type of dispute including, without limitation, any allegation of wrongful discharge, discrimination, harassment, unfair competition, or any injury to a party's physical, mental or economic interest. Unless controlling legal authority requires otherwise, there shall be no right or authority for any dispute to be heard or arbitrated on a class action basis, as a private attorney general, or on a basis involving disputes brought in a purported representative capacity on behalf of the general public, provided, however, that any individual claim is subject to this agreement to arbitrate. This means that a neutral arbitrator, rather than a court or jury, will decide the dispute.

### CONTROLLING LAW

We agree to settle the dispute according to the provisions of the Federal Arbitration Act, 9 U.S.C. sections 1 - 16. All disputes will be resolved by a single Arbitrator. The Arbitrator shall be selected by mutual agreement of the parties.

### REQUEST FOR ARBITRATION

To start the arbitration process, either party must submit a written arbitration request to the other, within the appropriate statute of limitation period for the claim being brought. The arbitrator may continue in a party's absence if, after due notice, that party fails to appear. Any failure to request arbitration in this time frame and according to the procedures set forth below shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

A Request for Arbitration must be submitted in writing to the other party. The Request for Arbitration shall include the following information:

1. Description of the Dispute A description of the dispute in sufficient detail to advise the other party of the nature of the dispute. It must include the date when the dispute first arose;

24 Hour Fitness Employee Handbook -      36
Update 12/2001

Exhibit "C"

1

2. **Names of Witnesses:** The names, work locations and telephone numbers of any co-workers or supervisors with knowledge of the dispute; and

3. **Relief Requested:** Tell the other party what is requested.

Either party may have a lawyer or any person represent it in the arbitration proceedings. However, each party must pay for any expenses, including lawyer's fees, associated with hiring his, her or its lawyer or other representative. Subject to any remedies to which a prevailing party may be entitled under the law, neither party is responsible for the other's lawyer's fees or any expenses incurred pursuing arbitration.

**Costs of Arbitration**

If required by controlling law, 24 Hour Fitness will pay the fee for the arbitration proceeding. Otherwise, each party will equally bear the costs of arbitration.

LOS_ANGELES:164973.1 034970.1190

24 Hour Fitness Employee Handbook -            37
Update 12/2001

Exhibit "C"

2